UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

ANTHONY LYNN CROSS, MICHAEL )
V. SMITH, )
           )
   *Plaintiffs*, )
v. ) No.   1:08-cv-123
           ) *Mattice/Lee*
           )
BRADLEY COUNTY JAIL, OFFICER )
COOPER,[1] )
           )
   *Defendants*. )

## MEMORANDUM AND ORDER

Anthony Lynn Cross ("Cross") and Michael V. Smith ("Smith") filed a *pro se* prisoner's civil rights complaint pursuant to 42 U.S.C. § 1983 (Court Doc. 1). This case was transferred from the United States District Court, Middle District of Tennessee, Nashville Division. Because the United States District Court for the Middle District previously assessed Smith one-half of the filing fee, his motion to proceed *in forma pauperis* is **DENIED as MOOT** (Court Doc. 10).

The plaintiffs have made some factually unsupported claims attacking their conditions of confinement and have failed to request any specific relief (Court Doc. 1, p. 5). Therefore, for the reasons discussed *infra*, the complaint will be **DISMISSED** *sua*

---

[1] Plaintiffs have failed to identify any individual defendants in the style of the case. Construing the complaint liberally, as the Court is required to do, the Court previously inserted Officer Cooper as a defendant in the style of the case since he is the only individual named in the body of the form-complaint who allegedly committed any act. However, the Court subsequently observed that a page which is not part of the form-complaint includes the names of other presumed defendants. Nevertheless, because the two-word claim naming these additional parties is wholly inadequate to state a constitutional violation, and because Plaintiffs failed to identify these parties as defendants in the style of the case or on the form-complaint, the Court declines to add the named parties as defendants for the reasons explained herein.

1

*sponte* for failure to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915A and 1915(e) (Court File No. 1) .

I.   **Standard of Review**

   A.   *Pro Se* **Pleadings**

*Pro se* pleadings filed in civil rights cases are liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). *Pro se* status, however, does not exempt plaintiffs from the requirement that they must comply with relevant rules of procedural and substantive law. *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). *Pro se* plaintiffs must comply with Rule 8 of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." *LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097, 1104 (6th Cir. 1995). Although the standard of review is liberal, it does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. Of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (standard of review for dismissing a complaint pursuant to Fed. R. Civ. P. 12(b)(6)-failure to state a claim upon which relief may be granted); *LRL Properties*, 55 F.3d at 1103-04; *Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236, 1240 (6th Cir. 1993); *Hartfield v. East Grand Rapids Public Schools*, 960 F. Supp. 1259, 1268 (W.D. Mich. 1997). Indeed, the requirement of liberal construction does not mean the court can ignore a clear failure in the pleading to allege facts which set forth a

2

sufficient claim. *See Weller v. Department of Social Services for City of Baltimore*, 901 F.2d 387, 398 (4th Cir. 1990) (no claim stated where there were no allegations that the acts were pursuant to usage, custom, or official municipal policy). The complaint must give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Lillard*, 76 F.3d at 726; *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory[,]'" *Lillard*, 76 F.3d at 726 (citations omitted), and if the complaint fails to include the required allegations, a court is not required to construct claims or grounds for relief for a plaintiff. *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (It is not a court's duty to "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory[.]").

### B. Screening Pursuant to 28 U.S.C. §§ 1915A and 1915(e)

In addition, when considering a prisoner's civil complaint, the Court has the responsibility to screen the complaint pursuant to 28 U.S.C. § 1915A and § 1915(e). Title 28 U.S.C. §§ 1915A and 1915(e)(2) provides that the Court must dismiss a case at any time if the Court determines it is frivolous or fails to state a claim upon which relief can be granted. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

## II. Facts

The Plaintiffs' complaint is handwritten and contains a number of grammatical errors. Because the claims are vague and difficult to understand the Court takes the facts directly from the complaint:

> Dec. 17 Officer Arwine told me my health wasn't nothing [sic] to him and he didn't care and didn't give me my meds.

3

> Dec. 20-23 Keep us locked down and did not check my sugar and no meds and no showers, and hair in our food [sic].
>
> Feb. 9 Officer Cooper in G-Pod made us sleep in our pis_ and shi_[2] when the sewage came up through the showers and the drains in the Day Room, he told us to put a towel over our face and go to sleep and shut up [sic] it was stinking.
>
> They are very abusive to us and one officer killed a man with a Tazer and they did nothing about it and he still works here. Also the nurse staff is stealing money from us inmates and charging and we don't seek [sic] any of the [sic] help [sic] my health is very important to me and my family, but they told me they don't care.
>
> Michael Smith from Dec. 7-Dec. 14 (Refused medical) was not treated like a man should be. Open sewage smell in here. Unfair treatment.

(Court Doc. 1, p. 5).

> Officers
>
> Arwine=killed a man with Tazer
> Nuttyback
> Branson=Abuse me
> Dove, Miller, Cooper, Weire, Parrie and a couple more. But also the officer here drink on the job, and most of them do drugs [sic] if you check you will see and like I said they are very abusive two [sic].

(Court Doc. 1, p. 6).

### III.   Analysis

####     A.   42 U.S.C. § 1983

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States; and (2) the deprivation was caused by a person while acting under color of state law. *Flagg Bros. Inc. v. Brooks*, 436 U.S. 149, 155-156 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). To maintain a cause of action for damages under 42 U.S.C.

---

[2] Plaintiffs are admonished to refrain from using this inappropriate foul language in Court documents.

§ 1983, a plaintiff must also allege the defendant caused the plaintiff an injury and show actual damages. *See Carey v. Piphus*, 435 U.S. 247, 255 (1978); *Chatman v. Slagle*, 107 F.3d 380, 384 (6th Cir. 1997); *Zehner v. Trigg*, 952 F.Supp. 1318, 1321 (S.D. Ind.), *aff'd* 133 F3d 459 (7th Cir. 1997). Thus, to state a § 1983 claim, a plaintiff must allege sufficient facts that, if true, would establish he incurred an injury when the defendants deprived him of a right secured by the Constitution of the United States while they acted under color of law. *See Brock*, 94 F.3d at 244.

### A. Identity of Defendants

The Bradley County Jail ("Jail") and Officer Cooper are the only parties identified as defendants in this action.

#### a. Bradley County Jail

The Bradley County Jail ("Jail") is not a legal entity amenable to being sued under 42 U.S.C. § 1983; rather, it is merely a name assigned to the building which houses inmates. The Jail is not a municipality but a building in the county and, as such, is not a separate legal entity which can be sued. Therefore, the Jail is not a "person" within the meaning of § 1983. *Shoemaker v. Greene County "Jail" Detention Center*, 2007 WL 2159295 (E.D. Tenn. July 26, 2007) ("The Greene County "Jail" Detention Center is a building and not a "person" who can be sued under § 1983."); *Seals v. Grainger County Jail*, 2005 WL 1076326 (E.D. Tenn. May 6, 2005) ("The Grainger County Jail, however, is not a suable entity within the meaning of § 1983").

Accordingly, because the Jail is not a suable entity, Plaintiff's § 1983 complaint against the Jail will be **DISMISSED** as frivolous. 28 U.S.C. §§ 1915A and 1915(e).

5

### b. Officer Cooper

Plaintiffs identified Officer Cooper as the person who made them sleep in their waste. The complaint does not indicate whether Officer Cooper is being sued in his official capacity, individual capacity, or both.

A suit brought against a public, government official will not be construed as seeking damages against the defendant in his individual capacity unless such a claim for individual liability is clearly and definitely set forth in the pleading. *Pelfrey v. Chambers*, 43 F.3d 1034, 1038 (6th Cir.), *cert. denied*, 515 U.S. 1116 (1995); *Thiokol Corp. v. Department of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 383 (6th Cir. 1993); *Lovelace v. O'Hara*, 985 F.2d 847, 850 (6th Cir. 1993); *Hardin v. Straub*, 954 F.2d 1193, 1199-1200 (6th Cir. 1992); *Wells v. Brown*, 891 F.2d 591 (6th Cir. 1989); *Johnson v. Turner*, 855 F. Supp. 228, 231 (W.D. Tenn. 1994), *aff'd*, 125 F.3d 324 (6th Cir. 1997). Generally, absent any express indication the defendant is being sued in his individual capacity, the Court must assume he is being sued only in his official capacity as an employee of the governmental entity. *Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir.), *cert. denied*, 502 U.S. 883 (1991); *Wells*, 891 F.2d at 593-94.

Although it is preferred that plaintiffs explicitly state whether a defendant is sued in his or her individual capacity, the failure to do so is not fatal if the complaint or other filed documents provide sufficient notice to the defendant that he is being sued as an individual. In *Moore v. City of Harriman*, 272 F.3d 769 (6th Cir. 2001), the caption on Moore's complaint listed the officers' names, not their official titles; the complaint referred to the officers throughout as the "individual defendants"; the complaint identified the officers as "acting for themselves and for the City . . . "; and Moore sought compensatory and punitive

damages against each of the defendants. The Sixth Circuit stated that taken as a whole, the complaint likely provided sufficient notice to the officers that they were being sued as individuals. *Id*. at 774. However, the Sixth Circuit ruled that "Moore's response to the officers' motion to dismiss clarified any remaining ambiguity: 'The individuals named are police officers who are being sued in their individual capacities for using excessive and unreasonable force while making an arrest of the Plaintiff on April 7, 1996.'" *Moore v. City of Harriman*, 272 F.3d at 773, 774.

The complaint before this Court is not analogous to the complaint in Moore. In the case at bar, Plaintiffs only named the Bradley County Jail as a defendant and they failed to identify in what capacity they were suing.[3] However, in the body of the complaint, defendant Cooper, whom the Court identified as a defendant after construing the *pro se* Plaintiffs' complaint liberally, is identified with his official title; there is no reference to Cooper in the style of the complaint (Court File No. 1). Furthermore, Plaintiffs do not seek any relief. In the section where Plaintiffs were required to identify the relief they were requesting they wrote: "Lawsuit for medical and bad living condition." (Court File No. 1, p. 5). Thus, absent any clear indication in the complaint that Officer Cooper is being sued in his individual capacity, the Court must assume he is being sued in his official capacity. *Id*. at 772.

A claim against Officer Cooper in his official capacity is treated as an action against the governmental entity. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Barber v. City of Salem, Ohio*, 953 F.2d 232, 237 (6th Cir. 1992). Because Officer Cooper has been sued only in his official capacity as an employee of Bradley County, Tennessee, the Court must

---

[3] Plaintiffs failed to answer the questions in the form-complaint regarding the capacity in which they were suing.

7

proceed as if Plaintiffs have in fact sued Bradley County. Therefore, in order to prevail, Plaintiffs must demonstrate that the alleged violation of their constitutional rights resulted from acts representing official policy or custom adopted by Bradley County. *Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658, 690-91 (1978); *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1245-46 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990).

In order to prevail in an action against a defendant in his official capacity, a plaintiff must show, first, that he has suffered harm because of a constitutional violation and second, that a policy or custom of the entity--in this case, Bradley County--caused the harm. *See Collins v. Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). Plaintiffs must identify the policy, connect the policy to the county itself, and show that the particular injury was incurred because of the execution of that policy, all of which Plaintiffs have failed to do. *See Garner v. Memphis Police Dept.* 8 F.3d 358, 363-64 (6th Cir. 1993), *cert. denied*, 510 U.S. 1177 (1994) (citation omitted).

Plaintiffs do not allege that the violation of their rights resulted from any policy or custom on the part of Bradley County. Moreover, Plaintiffs have not alleged any constitutional violation. Thus, even assuming Plaintiffs are claiming these alleged violations are the result of a policy or custom on the part of Bradley County or even if Plaintiffs had properly identified defendants and sued them in their individual capacities, as explained *infra*, they have failed to set forth any facts which support a claim that their constitutional rights were violated. Even though Plaintiffs have failed to identify an appropriate defendant, the Court will explain, for the sake of thoroughness, explain why none of the allegations in the complaint, against any of the individuals identified, state a

constitutional violation.

  *1.  Officer Cooper*

Plaintiffs allege Officer Cooper made them sleep in their waste. However, they further allege sewage came up through the showers and drains in the Day Room, and when they complained, Officer Cooper told them to put a towel over their face to lessen the stench and go to sleep. Plaintiffs do not, however, claim they were forced to sleep in the showers or the Day Room where the waste actually came up; thus, the Court construes this claim to allege Plaintiffs were forced to sleep in their cells with the lingering odor of waste. This conclusion is supported by Plaintiffs' statement that it smelled like "open sewage." (Court Doc. 1, p. 5).

"The Constitution . . . does not mandate comfortable prisons, and only those deprivations denying the minimal civilized measures of life's necessities, are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (internal quotation and citations omitted). Although courts have found that poor ventilation leading to prolonged exposure to foul odors or unhealthy airborne microorganisms can violate the Eighth Amendment in some circumstances, *see Board v. Farnham*, 394 F.3d 469, 485-86 (7th Cir. 2005) (flow of black fiberglass dust into cells causing numerous nosebleeds and respiratory problems violated Eighth Amendment); *Keenan v. Hall*, 83 F.3d 1083, 1090 (9th Cir. 1996) ("Inadequate ventilation and air flow violates the Eighth Amendment if it undermines the health of inmates and the sanitation of the penitentiary. . . . If the air was in fact saturated with the fumes of feces, urine, and vomit, it could undermine health and sanitation.")(internal quotations and citations omitted), the Plaintiffs in the instant case have failed to allege the length of time they had to sleep

9

in these conditions or any facts which might raise the inference that the apparently temporary lingering odor of waste undermined "the health of inmates and the sanitation of the penitentiary." *Hoptowit v. Spellman*, 753 F.2d 779, 784 (9th Cir. 1985) ("The lack of adequate ventilation and air flow [may] undermine[] the health of inmates and the sanitation of penitentiary").

Although long-term unsanitary conditions violate the Eighth Amendment, this claim, which does not allege a long-term sanitary issue and does not allege the condition posed a substantial risk of serious harm as required by *Farmer*, fails to state a cognizable § 1983 claim. *See Whitnack v. Douglas County*, 16 F.3d 954, 958 (8th Cir. 1994) (Although unsanitary conditions were patently offensive to see and smell, such was insufficient to state a constitutional violation. Nevertheless, such conditions could be actionable if a prisoner was exposed to them a long period of time). A claim that Plaintiffs had to sleep with the lingering odor of waste, without more, fails to state a deprivation of life's necessities. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."). Consequently, the claim before the Court simply does not allege the type of sustained exposure to unsanitary conditions that may violate the Eighth Amendment.

Accordingly, this claim will be **DISMISSED** as it does not rise to the level of an Eighth Amendment violation. 28 U.S.C. §§ 1915A and 1915(e).

*2. Officer Arwine*

First, Plaintiffs claim Officer Arwine told one of them that he (Officer Arwine) did not care about one of the Plaintiffs' health. Such a statement does not violate any constitutional right. The use of threatening or abusive language by a custodial officer does not give rise to a claim under § 1983, *see Scott v. Kilchermann*, 230 F.3d 1359 (6th Cir. 2000) (unpublished), *available in* 2000 WL 1434456, *2 ("An inmate has no constitutionally protected right to be free from verbal abuse."); thus a statement simply telling an inmate that his health is of no concern to the prison officer does not rise to the level of a constitutional violation. Therefore, Plaintiff's endurance of perhaps an unkind comment from Officer Arwine does not rise to the level of a constitutional violation.

Second, Plaintiffs claim that Officer Arwine did not give one of them their medication. This allegation also falls short of raising a constitutional claim. A violation of the Cruel and Unusual Punishment Clause of the Eighth Amendment occurs when prison officials act with deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-04 (1976). An actionable Eighth Amendment claim consists of two elements: (1) an objective element which requires proof that the medical condition was sufficiently serious, and (2) a subjective element which requires proof that the prison official acted with a sufficiently culpable state of mind, *i.e.*, deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825 (1994).

Since Plaintiffs have failed to factually support this claim, the absence of proof demonstrating an urgent medical need which required immediate treatment, and the absence of facts showing a defendant acted with a sufficiently culpable state of mind, has resulted in a failure to allege, much less demonstrate, a constitutional violation. Plaintiffs

11

have not provided any facts demonstrating either of them suffered from a serious medical condition. Thus, there are no facts from which the Court may infer that Officer Arwine exhibited deliberate indifference to the serious medical needs of either Plaintiff. *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001), *cert. denied*, 537 U.S. 817 (2002); *Estelle*, 429 U.S. at 106 ("In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to his serious medical needs"). Thus, the complaint does not state an actionable Eighth Amendment violation against Officer Arwine based on the failure to provide medical care.

        3. *General Claims*

Plaintiffs also raise several factually unsupported (and grammatically incorrect) claims about their conditions of confinement. Before analyzing the claims, the Court will analyze the law applicable to claims contesting the conditions of confinement.

The Court is unable to determine whether Plaintiffs are pretrial detainees or convicts. The Fourteenth Amendment's due process clause protects pretrial detainees from cruel and unusual punishments, and the Eighth Amendment's cruel and unusual punishments clause protects those convicted of crimes from cruel and unusual punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979). However, "[a]n act or practice that violates the eighth amendment also violates the due process rights of pretrial detainees." *Martin v. Tyson*, 845 F.2d 1451, 1457 (7th Cir. 1988). To raise a viable Eighth Amendment jail-condition claim, plaintiff must show a deprivation of an identifiable human need—a deprivation of life's necessities, such as food, warmth, exercise, clothing, shelter, sanitation, medical care, or personal safety. *Wilson v. Seiter*, 501 U.S. 294 (1991); *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Walker v. Mintzes*, 771 F.2d 920, 926 (6th Cir.

1985). In addition to a plaintiff being required to show a specific deprivation of one or more identifiable human needs in order to prove an Eighth Amendment violation, a plaintiff must also show "a culpable state of mind on the part of [the defendants] prison officials. . . ." *Wilson v. Seiter*, 501 U.S. at 298-299. Liability cannot be predicated on mere negligence; the plaintiffs must, at a minimum, show deliberate indifference. Therefore, it is well settled that an Eighth Amendment claim based on prison conditions has an objective component, denial of "the minimal civilized measure of life's necessities," *Rhodes v. Chapman*, 452 U.S. at 347 (1981), and a subjective component of deliberate indifference.

"It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the cruel and unusual punishment clause, . . ." *Hubbert v. Brown*, 114 F.3d 1187 (6th Cir. May 8, 1997) (Unpublished table decision), *available at* 1997 WL 242084, at *4(citations omitted). To determine whether defendants act wantonly, Courts apply the deliberate indifference standard to claims challenging conditions of confinement. *Wilson v. Seiter*, 501 U.S. at 302-03. Deliberate indifference will be found if the defendants know of a substantial risk to an inmate's health or safety, yet disregards that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825, 829 (1994). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference can be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 835.

To state a valid claim based on the conditions of confinement, a plaintiff must show an extreme deprivation. *Hudson v. McMillian*, 503 U.S. 1,9 (1992). "[R]outine discomfort

is part of the penalty that criminal offenders pay for their offenses against society." *Id*. at 9 (internal quotations and citation omitted). The Eighth Amendment requires prison officials to provide inmates with "a minimal civilized measures of life's necessities," and conditions of confinement which involve wanton and unnecessary infliction of pain will violate the Eighth Amendment. *Bellamy v. Bradley*, 729 F.2d 416, 420 (6th Cir.), *cert. denied*, 469 U.S. 845 (1984) (quoting *Rhodes v. Chapman*, 452 U.S. at 347). The Court will now address the general claims.

### i. General Claims That Fail to Identify a Defendant

> Keep us locked down and did not check my sugar and no meds and no shower and hair in our food [sic].

> They are very abusive to us and one officer killed a man with a Tazer and they did nothing about it and he still works here. Also the nurse staff is stealing money from us inmates and charging and we don't seek [sic] any of the help [sic] my health is very important to me and my family, but they told me they don't care.

> (Refused medical) was not treated like a man should be. Open sewage smell in here. Unfair treatment.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of a constitutional right *and* must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). Plaintiffs have done neither. Not only have Plaintiffs raised general factually unsupported claims concerning their conditions of confinement, they have failed to identify any Bradley County Jail official who is responsible for the alleged act or omission in relation to these claims. Plaintiffs unsupported allegations are insufficient to state a claim under 42 U.S.C. § 1983.

14

Even under the broadest construction, Plaintiffs have failed to allege unconstitutional conduct committed by any person acting under color of law. The conditions cited by the Plaintiffs simply do not appear to meet the "extreme deprivation" requirement, and there is nothing in the complaint to indicate these conditions inflicted wanton and unnecessary punishment upon the Plaintiffs. Additionally, there is nothing in the complaint to indicate the factually unsupported alleged conditions injured the Plaintiffs.

Accordingly, these claims will be **DISMISSED** for failure to state a claim upon which relief may be granted.

> ii. *General Claims That Identify Defendants*

Plaintiffs make the following general claims: "Branson=abuse me. Dove, Miller, Cooper, Weire, Parrie and a couple more. But also the officer [sic] here drink on the job, and most of them do drugs if you check you will see and like I said they are very abusive two [sic]."[4]

This factually unsupported claim of abuse simply fails to allege a constitutional violation. Although it is unclear what Plaintiffs are alleging against "Dove, Miller, Cooper, Weire, Parrie, and a couple of more," assuming abuse is alleged, the lack of factual support requires the dismissal of the claim. Courts are not required to conjure up unpled facts to support factually unsupported allegations. *See Smith v. Rose*, 760 F.2d 102, 106 (th Cir. 1985) ("A pleading will not be sufficient to state a cause of action under the Civil Rights Act if its allegations are but conclusions.") (quoting *Place v. Shepherd*, 446 F.2d 1239, 1244 (6th Cir. 1971). Because Plaintiffs failed to support the claims with factual allegations, they have failed to state a viable § 1983 claim.

---

[4] This claim is on a sheet of paper which is not part of the form-complaint, thus it was previously inadvertently overlooked.

Likewise, Plaintiffs' claim that the Bradley County Jail officers drink and take drugs at work fails to state a constitutional violation under § 1983. Although the Court does not condone the alleged behavior of the Bradley County Jail officials, such behavior simply does not amount to a violation of Plaintiffs' constitutional rights.

In sum, Plaintiffs have failed to allege that any Bradley County Jail official acted wantonly or with a deliberate indifference to a substantial risk to his health or safety. Further, Plaintiffs have failed to allege sufficient facts to support a constitutional violation. The general conditions about which Plaintiffs have complained may have been inconvenient, uncomfortable, and unpleasant, but Plaintiffs simply have not provided any facts that demonstrate their welfare was at serious risk or that they were denied the minimal civilized measures of life's necessities or that the conditions violated their Constitutional rights.

Accordingly, Plaintiffs general and factually unsupported claims attacking their conditions of confinement against unidentified and identified defendants fail to state a constitutional violation.

## IV. Conclusion

In summary, not only have Plaintiffs failed to raise a viable constitutional claim, they have failed to demonstrate that the alleged violations of their constitutional rights resulted from acts representing official policy or custom adopted by Bradley County. Plaintiffs factually unsupported bare assertions fail to assert a claim upon which relief may be granted under § 1983. Therefore, Defendants are entitled to judgment as a matter of law.

Accordingly, the complaint will be **DISMISSED** in its entirety pursuant to 28 U.S.C. §§ 1915A & 1915(e) for failure to state a claim upon which relief may be granted (Court File No. 1).

An appropriate judgment will enter.

                                        */s/Harry S. Mattice, Jr.*
                                       HARRY S. MATTICE, JR.
                                       UNITED STATES DISTRICT JUDGE